Good morning, and may it please the Court, my name is Justin Bustos and I represent Appellant Robert Gene Rand. This appeal was brought solely to contest the sentence that Dr. Rand received at sentencing. His position on appeal is that the District Court clearly erred in refusing to give him an adjustment for acceptance of responsibility. The reason is that the District Court's findings are completely unsupported by the record. The District Court's specific findings were made on pages 163 and 164 of the excerpts of record. And the way I read the District Court's findings, it essentially made three. The first one is that in Dr. Rand's proffer statement, the interview he had with the government, he did not admit that he had not prescribed for legitimate medical purpose. The second finding made by the District Court was that Dr. Rand stated during his proffer that he thought that RW was trying to manipulate him. And the third statement made by the District Court is that Dr. Rand did not believe that the amount of medication he prescribed was unreasonable. Now, I would submit that when we look at each of those three findings that the District Court made, none of them are supported by the record. And I apologize, I forgot to say it. I'm the most supported by the record, meaning he didn't say those things? I'm sorry, Your Honor, can you repeat that? Meaning he didn't say those things, or meaning that they didn't contradict they — meaning what? They don't have anything to do with whether he accepted responsibility? They don't have anything to do with whether he accepted responsibility because there's no evidence in the record that Dr. Rand's statements are incorrect, untruthful, or that he's frivolously contesting relevant conduct. So keep in mind that this proffer statement is an FBI document that was written by a government agent. It's not Dr. Rand's own words. And so — What about the sentencing memorandum? You seem to think that that's not on the table. I do believe that's not on the table, Your Honor, because when we look at the District Court's findings, the District Court never concluded that the sentencing memorandum demonstrates failure to accept responsibility. And so what I'm suggesting is that this Court needs to look at the actual findings made by the District Court and state whether or not those findings are supported by evidence in the record. The sentencing memorandum simply wasn't a basis for the District Court's conclusion. It was argued to be. The government was arguing based on it, at least in part. That's correct, Your Honor. But this Court does — And it's in the record. And we can't — why can't we look at it? We can't look at it? You can certainly look at it. But what I'm saying is that the District Court did not find that anything in the sentencing memorandum evidenced failure to accept responsibility. And so when this Court is reviewing the District Court, the question is, did the District Court clearly err because its findings were not supported by evidence in the record? So the District Court sits in a unique position where it has to first determine whether or not there was an acceptance of responsibility. And the District Court did not make findings that anything in the sentencing memorandum showed a lack of acceptance of responsibility because the District Court did not make those findings, it would be inappropriate for this Court to make those findings in the first instance. Why is that? Because this is not a fact-finding court, Your Honor. But we have the same — we're not looking at people talking and evaluating their credibility. We're just looking at things on a page, right? That's correct, Your Honor. But this Court has seen — With respect to the sentencing memorandum. Correct. Correct. So what we're viewing is the same exact thing as the district judge. You are looking at the exact same thing as the district court judge, but the case law places the district court — gives the district court discretion in the first instance to make those findings. This Court has said that the district court stands in that unique position to look at the record as a whole and determine, is there an acceptance of responsibility? But then you're saying that we don't look at the record as a whole to decide whether he abused his discretion. We only look at part of the record. No, Your Honor. What I'm suggesting is that we need to look at the exact findings that the district court made and say, are those findings supportive of anything in the record? But was he not — did he say, I'm not going to consider the sentencing memorandum? The district court did not say one way or the other. Right. Exactly. So he was using examples, but that doesn't mean that he was just shutting his eye to the rest of the record. But we know, Your Honor, what the district court made her decision on. The judge made her decision based solely on the proffer statement. That was explicit on pages 163 and 164 of the record. She articulated her reasons. She stated the exact basis on why she believed that Dr. Rand was not being truthful. And what I'm encouraging this Court to do is look at the exact bases that the district court found were not truthful. Those were factual findings made by the district court. And so when you're looking at the clear error standard of review, are those factual findings supported by actual evidence in the record? And I would submit that they are not. How did this even come up? It came up, Your Honor, because one of the issues for sentencing was whether or not Dr. Rand satisfied the safety valve, the two-level reduction in the offense level for essentially telling the government everything he knew about the offense conduct. And that was one basis. And so the government made the contention that based on the government's summary of that interview, Dr. Rand did not fully admit the offense conduct. And then they were opposing the safety valve reduction. They weren't opposing it, Your Honor. The safety valve was an interview, and the question was, is Dr. Rand eligible for it? So it was a proffer agreement that if Dr. Rand satisfied the requirements of the safety valve, then he'd be eligible for the two-level reduction in the offense level. I see. So in order to look at the district court's findings, the other point I wanted to emphasize is that we really need to look at the exact factual basis for his plea agreement. This is not a case where Dr. Rand admitted that he prescribed too many pills. That is not the factual basis in the plea agreement. What is the factual basis, as I recall, began with something like including. I mean, there was a — let me see if I can find the actual statement. Where exactly is it? Can you — as I remember, the factual — it said something like he agrees that he intentionally prescribed this outside regular medical care because of the — and there's an including or a fudge sentence. That's correct, Your Honor. All right. So why isn't — I mean, why are we just looking at those four facts? Why are we looking at the general statement that he said — he pled to prescribing outside of legitimate medical care, and now he's saying, well, I thought I was giving legitimate medical care, but these people were manipulating me? I would disagree with that statement, Your Honor. And you have to look — when you're talking about prescribing outside the course of professional conduct, you're looking at the standard of medical care. Dr. Rann said, I did not meet that standard of medical care. You mean we're going to put somebody in jail for malpractice? That's not my understanding of what we're doing here. What we're saying is he wasn't really practicing medicine. He was giving out drugs. Correct, Your Honor. And what I would recommend is reading this Court's decision in Feingold in 2006, and that articulates the underlying offense. And the underlying offense is when you have the intent to prescribe outside the course of a medical care. Not meaning bad medical care, meaning it's not medical care. It's selling drugs. Right. And there are numerous reasons you can prescribe outside the course of medical care. If you're going to prescribe medications scheduled to substances such as opioids, as a doctor, you have to do certain things. You have to do an examination. You have to do toxicology tests. You have to determine whether or not there's actually a source of that pain generator. You can't simply have a patient come in, not examine them, and say, here, I'm going to prescribe you these drugs. And that's what Dr. Rand admitted to. He didn't say, I prescribe too many. He said, I intentionally did not do the examination. I intentionally did not do the things that I'm supposed to do as a doctor. And with that, I'd like to reserve the remainder of my time for rebuttal. Okay. Go ahead. Peter Levitt for the United States. May it please the Court. Judge Berzon is precisely correct. The three or four examples listed by the district court of defendants' inability to accept responsibility show true, genuine contrition. It does not limit this Court's scope of appellate review. This Court can affirm on any basis that is evident from the record. Moreover, we know from Judge Reimer's opinion in Cardi that in imposing any sentence and reviewing for substantive reasonableness or unreasonableness, the mere fact that the district court lists some examples does not give rise to any sort of inference, suggestion at all that this Court, the district court only considered those factors, much less that this Court is limited by those factors. Defense counsel mentioned exact factual basis about four times that I counted in his initial argument, and there's no secret of why the defendant wants to narrowly and inappropriately curtail this scope, the scope of this Court's review. And that reason is simple. He killed the boy. He's dead. He was prescribing 68 pills a day. He prescribed several hundred pills right before the boy died. He doesn't want this Court looking anywhere beyond the three or four representative examples that Judge Due cited, and that's simply incorrect. Can I back up a minute? Are you agreeing that the appeal here is proper? Say again, Your Honor? That the appeal is proper? It was an appeal waiver. Yes, Your Honor. I believe the appeal waiver is defective as to count one, that it should be enforced as to count two. But the good --" although this wasn't the focus of the briefs, our case law is perfectly clear that when the judge says you can appeal my order, that's the end of it, and he did. I would argue, Your Honor, that even if Your Honor deems all waivers to be ineffective, the district court still acted well within the broad range of reasonableness. Right. Right. But that's not what I asked you. That means we get to the merits of the appeal. Right. I believe all of the issues have been adequately covered in the parties' briefs. I would ask if the judges have any further questions for me. How do you square the district judge's finding on the safety valve with the district judge's finding on the 3E1 acceptance? Well, two things, Your Honor. First of all, safety valve is a lesser standard. Safety valve is basically an information dump. Defendant has to give all --"tell me everything you know." That's the long and the short of it. If the defendant does that, he should be entitled to the safety valve. Usually, the judge relies on what the government, you know, what the government says that the government usually asks the government, did he make a full and complete? Are you satisfied with what he did? Yes. And I think in this case, we were well within our right in saying, no, he shouldn't have qualified for the safety valve either. The second point --" Why was his proffer incomplete for purposes of the safety valve? He's prescribing 23,000 pills to West, and he's talking about the legitimacy of his practice in doing that? But I thought you, in effect, didn't take a position on the safety valve with her judge. The prosecutor said something like it's now in question, it's a close call. It's a close call, right. Correct. And the district court, in applying what we've now realized to be an incorrect burden of proof, said the government has failed to adduce evidence of the exact sequence of questions and answers at that proffer session. Hence, the government has failed to carry its burden of proof of showing he's not eligible for safety valve. But my understanding is that the acceptance of responsibility isn't ‒ I mean, it can be demonstrated by lies, but it can also be demonstrated by a lack of contrition even as to the truth. So, I mean, it's a little peculiar, but I guess if you go to the safety valve and make a bunch of statements that are inconsistent with your guilt but true, you have met your obligations under the safety valve, but you haven't accepted responsibility because you pled guilty and said X was true, and now you're saying X isn't true, and it doesn't much matter which one it is, you're not accepting responsibility for what you pledged. Is that basically what the difference is? I concur completely. And Your Honor said the key operative word, contrition. Safety valve doesn't mention contrition. Acceptance of responsibility does. And this Court in case after case, I cited several of them. Meaning what you're saying is consistent with your plea, as opposed to necessarily true or false. Correct. But in this case, despite receiving safety valve credit, the defendant said that his result after he pled guilty and enjoyed the numerous plea ‒ favorable plea benefits that we offered him ‒ then he started blaming others, minimizing conduct, not directly accepting responsibility, and as Judge Rawlinson wrote in Ossinger, such equivocal expressions of contrition do not meet defendant's burden of demonstrating genuine contrition for his acts. That's what we have here, and the district court acted well within its broad range of reasonableness in making that factual finding. Okay. In the government's argument, the one thing I still have not seen is any citation in the brief or anywhere in the record where any statement made by Dr. Rand is contradicted by something in the record. What Dr. Rand said ‒ Why is that necessary? Because there's no evidence that he's being untruthful. There's no evidence ‒ Why does he have to be ‒ we just had this conversation about does the acceptance of responsibility turn on truthfulness? Acceptance of responsibility could be to not be truthful or to contest relevant conduct. As the government mentioned, it could also be ‒ And what about if you said you pled to X, and now you're saying, you know, X didn't really happen. Maybe X didn't really happen. Do we have to now prove whether X did or didn't happen, or are you not accepting responsibility for your plea because you pled and said it did happen? Your Honor, that's not a ‒ the hypothetical doesn't represent this case. Dr. Rand admitted the exact conduct in his plea. But the exact conduct in his plea was a set of examples of a larger thing to which he pled. We're trying to tie it down to the fourth specific examples, but why? Your Honor, the district court found with respect to the safety valve that she had, and I quote, no evidence anything Dr. Rand said was untruthful. But then when you look at acceptance, she said, but I'm not going to give you credit for acceptance because it's not truthful. So on the one hand, she admitted there's no evidence, but on the other hand, she said it's not truthful. Thank you. Thank you. Thank you, counsel. The matter is submitted.
judges: Paez, Berzon, Feinerman